UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PAULA A. VICK,<br><br>                Petitioner,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>                Respondent. | Case No. 1:10-cv-00562-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Petitioner's motion for attorney fees under the Equal Access to Justice Act. Petitioner requests $5,557.47 in attorneys' fees and $550.00 in court costs payable from the Judgment fund. (Dkt. 19, 22). Respondent objects to the award of fees, contending that the amount is unreasonable and the amounts requested exceed the statutory maximum rate.

The parties have briefed the motion and it is now ripe for the Court's consideration. Having reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and the record. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the motion will be decided on the record before this Court without oral argument. Dist. Idaho L. Rule 7.1(d).

**MEMORANDUM DECISION AND ORDER - 1**

# BACKGROUND

Petitioner appealed the denial of her social security disability benefits application to this Court on November 15, 2010. After submission of the briefs, this Court issued its memorandum decision and order on March 20, 2012, granting Petitioner's petition for review and remanding the matter to the Commissioner for further proceedings. Judgement was entered against the Respondent under "sentence four" of 42 U.S.C. § 405(g).

On June 18, 2012, Petitioner's attorney requested $5,174.98 in EAJA fees, which reflected 28.58 hours at an hourly rate of $181.07. Petitioner further requested $550.00, reflecting the federal court filing fee and the pro hac vice fee, payable from the Judgment Fund. Petitioner itemized the hours billed as follows:

| **DATE** | | **ITEMIZATION OF HOURS** | **HOURS** |
|---|---|---|---|
| 11/10/2010 | (CEB) | Dictated letter to client re: appeal/ Dictated complaint | 0.75 |
| 11/12/2010 | (DYI) | Review complaint | 0.25 |
| 11/23/2010 | (DYI) | Review *pro hac vice* application/file with Court | 0.33 |
| 12/13/2010 | (CEB) | Dictated letters serving summons and complaint | 0.50 |
| 03/25/2011 | (DSJ) | Review of Transcript/Statement of Facts/ Medical research | 11.25 |
| 03/26/2011 | (DSJ) | Research and Draft Arguments | 12.25 |
| 03/29/2011 | (CEB) | Review and Edit Draft Brief | 1.50 |
| 03/30/2011 | (DSJ) | Final Revisions of Brief | 0.50 |
| 06/09/2011 | (DSJ) | Prepare EAJA petition | 1.25 |

**TOTAL FEDERAL COURT HOURS**      28.58

======================================================================
**TOTAL FEDERAL COURT HOURS (Daniel S. Jones)**………..…..……......25.25
**TOTAL FEDERAL COURT HOURS (Charles E. Binder)**……………………….2.75
**TOTAL FEDERAL COURT HOURS (Debra Y. Irish)**…………………….......0.58
======================================================================

**MEMORANDUM DECISION AND ORDER - 2**

Respondent objected to the reasonableness of the claimed fees on two grounds. First, Respondent objected to Petitioner's calculation of the applicable statutory maximum rate. Respondent contends the rate in 2010 was $175.06, and in 2011 was $180.59. Therefore, Respondent argues the $181.59 rate is incorrect. Second, Respondent contends that 28.58 hours was excessive for a routine matter, and were therefore not reasonably expended. Further, Respondent objects to the multiple attorneys assigned to this matter, contending that it necessarily resulted in duplication of effort for a routine disability matter. Respondent objects to the billing increments used, which exceed .10 hours, and the block billing. And finally, Respondent argues that any proposed order for an award of EAJA fees must state that the fees will be awarded to Petitioner, not Petitioner's attorney. Respondent did not object to Petitioner's requests for reimbursement of the filing and pro hac vice fees.

In response, Petitioner conceded that she calculated the hourly rate incorrectly, and agreed that the hours in 2010 should be set at $175.06, while those hours for 2011 and 2012[1] should be set at $180.59. Petitioner refuted Respondent's other arguments, generally citing a lack of any explicit critique of the hours expended. Petitioner further requested an additional 2.25 hours to prepare the fee request and draft the reply brief in this matter, for total fees requested of $5,557.47.

---

[1] Hourly rates for 2012 have not yet been established.

**MEMORANDUM DECISION AND ORDER - 3**

## ANALYSIS

The EAJA provides for the award of attorney's fees to a party that prevails against the United States in a proceeding for review of an agency action, unless the court finds "that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Respondent does not argue that the agency's position was substantially justified but argues that the amount of fees Petitioner requests is not reasonable. *See id*. at § 2412(d)(2)(A). The Court applies the "lodestar" method to determine what constitutes a reasonable attorney's fee in Social Security matters. *Costa v. Comm'r of Soc. Sec. Admin.*, ___ F.3d ___, 2012 WL 3631255 (9th Cir. Aug. 24, 2012).

Petitioner's fees were reasonable for a routine case. Petitioner spent 30.83 hours, which included the time spent briefing the fee motion, on Petitioner's case. Respondent cites *Harden v. Comm'r*, 497 F.Supp.2d 1214, 1215 (D. Or. 2007), which suggested that a range of 20-40 hours is a reasonable amount of time to spend on a social security case that does not present particular difficulty.[2] Petitioner's requested hours fall smack in the middle of the "reasonable" range, and Respondent fails to explain how the expenditure of slightly over 30 hours is "unreasonable" when it falls in the middle of the suggested range.[3] Furthermore, Respondent fails to identify any hours that it finds were "excessive, redundant, or otherwise unnecessary," instead leaving the Court to guess. For instance,

---

[2] Recently, in *Costa*, the Court of Appeals for the Ninth Circuit rejected the application of a de facto policy of limiting social security claimants to 20-40 hours in "routine cases." *Costa*, 2012 WL 3631255 at *3. In *Costa*, the Ninth Circuit reversed the lower court, and ordered fees awarded in the amount of $10,544.72. *Id*. at *4.

[3] The Court further finds Respondent's reliance upon Justice Sotomayor's comments in *Astrue v. Ratliff*, 130 S.C.t 2521, 2530 (2010), that EAJA fee awards average $3,000 to $4,000 per case unpersuasive. Justice Sotomayor's comments referred to cases decided prior to 2006.

**MEMORANDUM DECISION AND ORDER - 4**

Respondent does not argue that the 11.25 hours spent reviewing the 485 page transcript was unreasonable. Rather, Respondent generically asserts that, overall, the 30 hours was unreasonable. Without more, the Court declines to engage in second guessing counsel on the time spent with preparation of what the Court considered a well-reasoned, informative, and well-argued brief.

Second, it does not appear that the three attorneys duplicated efforts in this case. Debra Irish was hired as local counsel, and as such, it was her obligation to ensure that filings in the Court met the requirements of this Court's local rules. Her time, at just over .5 hours, appears reasonable. Charles Binder's work appears confined to drafting letters to the client and reviewing the work of his associate to prepare the final brief. Mr. Binder's work does not appear to be clerical in nature. Dictation is distinctly different than physically typing the dictated work. Mr. Binder could have used the word "drafted" interchangeably with dictated. The Court can discern no "clerical" work included in Mr. Binder's time. An attorney had to draft the letters and the complaint, either by using word processing software himself, or dictation. The bulk of the work---reviewing the transcript and drafting the briefs---was completed by Daniel Jones over the course of two long days. The Court can find no duplication of effort reflected in the billing, other than Respondent's suggestion that having three attorneys somehow automatically resulted in duplication of efforts.

Third, Respondent takes issue with the block billing and the apparent billing increment of .25 hours, both of which the Court finds reasonable in this case. Respondent primarily contends that the 23.50 hours billed over two days to review the transcript and

**MEMORANDUM DECISION AND ORDER - 5**

prepare the brief should not have been "block billed." Mr. Jones labored 12 hour days over the span of two days, which, although perhaps exhausting, is certainly achievable by an attorney wishing to accomplish a task uninterrupted by other work and in as few days as practical. The Court is not concerned that Mr. Jones chose to spend his time in that manner. And the Court can see no discernible benefit had Mr. Jones broken out his time in increments, considering he spent his time reviewing a 485 page transcript, and then researching and writing a brief. No benefit would be gained if Mr. Jones had informed the Court how much time he spent researching a particular issue, for example. And Respondent fails to inform the Court how much the hours should be reduced. In any event, in the Court's own experience reviewing transcripts, researching routine social security issues, and reviewing attorneys' briefs, the time spent as a whole appears reasonable considering the quality of the research and briefing submitted to the Court.

Furthermore, the Social Security Commissioner itself has stated in the past that quarter-hour increments are allowable if they are reasonably applied. *Willis v. Barnhart*, 2002 WL 31779907 *3 (N.D. Ill. Dec. 11, 2002). Because Mr. Jones spent the bulk of two days preparing the brief, an increment of more than .10 would have little impact if all of the work was completed in a block of time. For example, if work was billed in .25 increments over the course of multiple days for the same task, the Court could understand how the billing could become inflated compared to the use of .10 time increments. But here, the attorneys, including Mr. Jones, completed their tasks on the same date,

**MEMORANDUM DECISION AND ORDER - 6**

presumably in the same uninterrupted block of time.[4] Thus, the use of .25 time increments had a minimal effect.

## CONCLUSION

The record reflects that Petitioner's attorneys conducted an adequate review of this matter and expended a reasonable and appropriate amount of time and resources prosecuting this case. The Court therefore finds that Petitioner's request for EAJA fees is reasonable and well documented. For the foregoing reasons, Petitioner will be awarded attorney fees in the amount of $5,557.47 and costs in the amount of $550.00. The attorney fees are awarded directly to Petitioner, and not to her attorneys. 28 U.S.C. § 2412; *Astrue v. Ratliff*, 130 S.Ct. 2521, 2527 (2010).

---

[4] The Court knows of no requirement that an attorney specify the exact time he completed his or her task. An attorney does not need, for example, to inform the Court that a task comprising .1 of an hour on a particular date was completed between 9:00 a.m. and 9:06 a.m.

**MEMORANDUM DECISION AND ORDER - 7**

## ORDER

Having considered Petitioner's Motion for 406(b) Attorney Fees, (Dkt. 19),

**IT IS HEREBY ORDERED** that the request for attorney's fees in the amount of $5,557.47 and costs in the amount of $550.00 is **GRANTED**.

Dated: September 24, 2012

Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 8**